UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERSEPOLIS ENTERPRISE, a Michigan corporation, <br><br> Plaintiff, <br><br> v. <br><br> UNITED PARCEL SERVICE, INC., a Delaware corporation; UNITED PARCEL SERVICE, INC., an Ohio corporation; and UNITED PARCEL SERVICE, INC., a New York corporation, <br><br> Defendants. | No. C-07-02379 SC <br><br> ORDER GRANTING MOTION <u>TO TRANSFER VENUE</u> |

## I. INTRODUCTION

Before the Court are two motions by Defendants United Parcel Service Inc., a Delaware corporation ("UPS, Inc."), United Parcel Service, Inc., an Ohio corporation ("UPS Ohio"), and United Parcel Service, Inc., a New York corporation ("UPS New York") (collectively "Defendants" or "UPS").  In the first motion, UPS moves the Court to transfer this case to the United States District Court for the Northern District of Georgia.  <u>See</u> Mot. to Transfer Venue, Docket No. 17 ("First Motion").  In the second motion, UPS moves the Court to dismiss the case without prejudice, stay the case pending resolution of <u>Barber Auto Sales, Inc. v. United Parcel Service, Inc.</u>, No. 5:06-cv-04686-IPJ (N.D. Ala.) ("<u>Barber Auto</u>"), or to transfer the case to the United States

District Court for the Northern District of Alabama. See Mot. to Dismiss, Transfer, or Stay, Docket No. 23 ("Second Motion"). Plaintiff Persepolis Enterprise ("Plaintiff" or "Persepolis") opposed both motions. See Docket Nos. 26 ("First Opposition"), 29 ("Second Opposition"). UPS filed a consolidated Reply addressing both motions. See Reply, Docket No. 31.

For the reasons set forth herein, the Court DENIES Defendants' First Motion, GRANTS Defendants' Second Motion, and ORDERS that this case be transferred to the Northern District of Alabama.

## II. BACKGROUND

In the Complaint, Plaintiff alleges that UPS uses a laser measuring system to determine the size, and therefore shipping cost, for each package, and that the measuring system is not properly calibrated, which causes UPS to overcharge the franchisee shippers. See Compl., Docket No. 1, ¶¶ 17-24. Based on these purportedly incorrect charges, Plaintiff brought claims for breach of contract, fraud, and unjust enrichment. See id., ¶¶ 31-43. Plaintiff is a Michigan corporation and operates a local UPS franchise. Although Plaintiff's own business is geographically limited, Plaintiff claims to represent a class of "thousands of individuals or entities throughout the United States and in many countries . . . ." Id., ¶ 27.

None of the Defendants is a California corporation, and all three have their principal place of business in Atlanta, Georgia. See First Mot., at 2-3. UPS Ohio does business in the Northern

2

1  District of California, but UPS, Inc. and UPS New York do not.
2  <u>Id.</u> at 1.  UPS, Inc. only conducts business in Atlanta.  <u>Id.</u>  The
3  Defendants generally argue that the Northern District of Georgia
4  is a more convenient forum for this case because they reside
5  there, the majority of their documentary evidence is there, and
6  many of the party and non-party witnesses reside in that District.
7  <u>See</u> <u>id.</u> at 2, 5-6.

8  Plaintiff filed the Complaint in this action on May 2, 2007.
9  The <u>Barber Auto</u> plaintiffs filed suit in the Northern District of
10 Alabama on November 15, 2006, and filed an Amended Complaint on
11 February 20, 2007.  <u>See</u> Second Mot., Exs. A, B.  The <u>Barber Auto</u>
12 plaintiff is not a UPS franchisee, but is a shipper, and claims to
13 represent a class of similarly situated persons.  <u>See</u> <u>id.</u>, Ex. B,
14 ¶ 3.  UPS, Inc. is the <u>Barber Auto</u> defendant.  In that case, the
15 plaintiff alleges that UPS, Inc. incorrectly measures the size of
16 packages and subsequently overcharges the shippers.  <u>See</u> <u>id.</u>, Ex.
17 B, ¶¶ 8-14.  The <u>Barber Auto</u> plaintiff initially alleged claims
18 for breach of contract, fraud, fraudulent suppression, unjust
19 enrichment, money had and received, and constructive trust.  <u>See</u>
20 <u>id.</u>, Ex. A, ¶¶ 22-43.  After extensive motion practice, the only
21 surviving claim is for breach of contract.  <u>See</u> <u>id.</u>, Ex. B, ¶¶ 23-
22 27; <u>Barber Auto</u>, 2007 U.S. Dist. LEXIS 48460, ** 16-17 (N.D. Ala.
23 June 5, 2007) (granting motion for judgment on the pleadings and
24 dismissing certain claims with prejudice).

25

26 **III. <u>DISCUSSION</u>**

27 In the Second Motion, Defendants argue that the Court should

28

3

transfer this case to the Northern District of Alabama, based on the "first-to-file" rule. See Second Mot. Persepolis concedes that its case is similar to Barber Auto, and asks the Court to transfer this action to Alabama. See Second Opp'n, at 1. Because both parties agree that the Northern District of Alabama is an appropriate venue for this action, if the Court orders a transfer, it will be to that district, rather than the Northern District of Georgia. The Court therefore DENIES Defendants' First Motion.

The first-to-file rule "allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 623 (9th Cir. 1991). Although the district court has considerable discretion in applying the rule, it must consider three factors: (1) the chronology of the cases, (2) the similarity of the parties, and (3) the similarity of the issues. See id. at 625-26, 628. Persepolis does not dispute that all three factors are present, or that the first-to-file rule is applicable here. Thus, the only question for the Court to decide is which option — transferring to the Northern District of Alabama, staying the case pending the resolution of Barber Auto, or dismissing without prejudice — is most appropriate.

Barber Auto was filed approximately six months before Persepolis filed this suit. The first factor therefore weighs in favor of applying the first-to-file rule, but does not favor any of the choices the rule offers.

The second factor favors transfer. The first-to-file rule requires the court in a class action suit to compare the proposed

4

classes, not their representatives. See Weinstein v. MetLife, Inc., No. 06-cv-04444-SI, 2006 U.S. Dist. LEXIS 83115, *12 (N.D. Cal. Nov. 6, 2006). The class that the Barber Auto plaintiffs seek to represent includes all "persons and/or entities in the United States who have paid defendant any sums of money for increased shipping charge corrections the defendant assessed against them based on the subsequent auditing of the dimensional size of these persons' and/or entities' packages." Second Mot., Ex. B, ¶ 15(a). Persepolis brought this suit on behalf of a class of all "entities worldwide that operate franchises under the UPS store or Mail Box Etc. brands, or entities who are '6 digit' account customers with UPS, and who have received an upward adjustment from UPS based on UPS' remeasurement of a package." Compl., ¶ 25. The class Persepolis represents here is not limited to the United States, and the class in Barber Auto is not limited to franchisees. Thus, although Persepolis and some other members of its class may also be included in the Barber Auto class, there is not complete identity. The Defendants are also similar, but not identical, as UPS Ohio and UPS New York are named here, but not in Barber Auto. However, as UPS notes, UPS, Inc. is the parent company of both UPS Ohio and UPS New York. Second Mot., at 6. Were there complete identity of parties, the Court might be willing to stay this action or dismiss it without prejudice, as Defendants request. Given that the extent of the overlap is unclear, Plaintiff's rights are best preserved by transferring the case to the Northern District of Alabama, where the court that already has a deep familiarity with the facts of Barber Auto is in

a better position to determine whether the two cases should proceed separately.

For the same reasons, the third factor also favors transferring rather than dismissing or staying this case. Although both cases involve claims for breach of contract, the precise contract terms in each may differ. Further, Persepolis alleges that Defendants measure the dimensions of packages incorrectly because they rely on an improperly calibrated laser measurement system, and that Defendants knew or should have known the system was inaccurate. These allegations do not appear in the <u>Barber Auto</u> complaints, and may be sufficient to support Persepolis's non-contract claims.

The Court agrees with both parties that the first-to-file rule is applicable here. For the foregoing reasons, the Court finds that judicial efficiency and the interests of the parties will be best served by transferring this action to the Northern District of Alabama rather than staying or dismissing it.

## IV. CONCLUSION

For the reasons explained herein, the Court hereby DENIES Defendants' motion to transfer this case to the Northern District of Georgia, and GRANTS Defendants' motion to transfer this case to the Northern District of Alabama. The Court therefore ORDERS the TRANSFER of this case to the United States District Court for the Northern District of Alabama. The Clerk of the Court shall
///
///

transfer the file forthwith.

    IT IS SO ORDERED.

    Dated: September 7, 2007

                                  UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

7